UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANIA HERNANDEZ, and ZOILA HERNANDEZ ) ) ) ) Plaintiffs, ) v. ) ) CHEPES MEXICAN GRILL, LLC ) ) ) Defendant. ) | Civil Action Number: FLSA Action Jury Trial Demanded |

## COMPLAINT

COME NOW Plaintiffs Tania Hernandez and Zoila Hernandez (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendant Chepes Mexican Grill, LL ("Defendant") on behalf of themselves, pursuant to § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime

provisions of the FLSA by Defendants which have deprived Plaintiffs of their lawful overtime wages.

2. Plaintiffs were employed by Defendant, primarily working as prep cooks, at Defendant's restaurant at 3052 Shallowford Road, Marietta, Cobb County, Georgia 30262 (hereinafter "Defendant's Marietta location").

3. During the employment of Plaintiffs, Defendant committed violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

4. Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff Tania Hernandez resides in Kennesaw, Georgia (within this District). Upon information and belief, Plaintiff Tania Hernandez was employed by Defendant primarily as a prep cook from on or about October, 2010 until on or about April, 2011.

8. Plaintiff Zoila Hernandez resides in Kennesaw, Georgia (within this District). Upon information and belief, Plaintiff Zoila Hernandez was employed by Defendant primarily as a prep cook from on or about October, 2010 until on or about April, 2011.

9. At all times material to this action, Plaintiffs were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. These same individuals are further covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

10. Defendant is a corporation formed under the laws of the State of Georgia and operates restaurants in the state of Georgia.

11. Defendant conducts business within this State and District.

12. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Marietta location, including the employment and pay and other practices of that operation.

13. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Andrew Hartman, at 145 Towne Lake Parkway Suite 200, Woodstock, Georgia 30188.

14. Upon information and belief, at all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

15. At all times material to this action, Defendant was an "employer" of the Plaintiffs, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

17. At all times relevant to this action, Plaintiffs' primary duties were to prepare food to be served to customers at Defendant's Marietta location.

18. At all times relevant to this action, Plaintiffs' primary duties were not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

19. At all times relevant to this action, Plaintiffs were not responsible for supervising or directing the work of any other employees.

20. At all times relevant to this action, Plaintiffs did not possess the authority to hire or fire other employees.

21. At all times relevant to this action, Plaintiffs did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

22. At all times relevant to this action, Plaintiffs were non-exempt employee for purposes of overtime compensation.

23. At all times relevant to this action, Plaintiffs were at times required to work in excess of forty (40) hours a week.

24. At all times relevant to this action, Defendant did not compensate Plaintiffs for all time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

25. The records, if any, concerning the number of hours actually worked by Plaintiffs, and the compensation actually paid to Plaintiffs are in the possession of Defendant.

26. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiffs.

27. Defendant failed to meet the requirements for paying Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed, at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

28. Defendant is liable to Plaintiffs for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times Plaintiffs' regular rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

29. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

30. As a result of Defendant's willful violations of the FLSA, Plaintiffs are entitled to liquidated damages.

31.     Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

32.     Plaintiffs demand a jury trial.

## COUNT I

33.     Plaintiffs repeat and incorporate by reference Paragraphs 1-32 herein.

34.     By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

35.     Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203 and 207 of the FLSA.

36.     As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

37.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

38.     As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial and are

entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.  That Plaintiffs be awarded damages, plus an equal amount of liquidated damages;

B.  That Plaintiffs be awarded reasonable attorneys' fees;

C.  That Plaintiffs be awarded the costs and expenses of this action; and

D.  That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 27th day of May, 2011.

**MARTIN & MARTIN, LLP**

By:   /s/ Thomas F. Martin
      Thomas F. Martin
      tfmartin@martinandmartinlaw.com
      Georgia Bar No. 482595
      Kimberly N. Martin
      kmartin@martinandmartinlaw.com
      Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267/(770) 837–2678 Fax


**The Law Offices of John Morrison, LLC**

By: /s/ John Morrison
John Morrison
john@johnmorrisonlaw.com
Georgia Bar No. 705115
1402 Bombay Lane
Roswell, GA 30076
Telephone: (770)951-8900
Facsimile: (770)951-8902